THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

ENTERED APR 13 2006 CLERK, U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION BY DEPUTY

Priority Send ✓
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

"0"

FILED CLERK, U.S. DISTRICT COURT APR 12 2006 CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION BY DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA LIBERI individually and as Guardian Ad Litem for CLIFFORD RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>~~SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT~~, et al.<br><br>Defendants. | Case No. EDCV 04-1524-VAP(SGLx)<br><br>[Motion filed on March 23, 2006.]<br><br>**ORDER GRANTING DEFENDANT COUNTY OF SAN BERNARDINO'S, GARY PENROD'S, ALAN GIRARD'S, AND JAMES SECORD'S MOTION TO DISMISS** |

The Court has received and considered all papers filed in support of Defendants County of San Bernardino's, Gary Penrod's, Alan Girard's, and James Secord's Motion to Dismiss. No Opposition was received. The Motion is appropriate for resolution without hearing. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons set forth below, the Motion is GRANTED.

///
///
///

DOCKETED ON CM APR 13 2006 BY 044

## I. BACKGROUND

On March 22, 2005, Plaintiffs[1] filed a First Amended Complaint alleging 21 state and federal claims against numerous Defendants. [First Amended Complaint ("FAC") ¶¶ 176-442.] Of those claims, sixteen[2] name at least one of the moving Defendants: County of San Bernardino,[3] Sheriff Gary Penrod, Deputy Alan Girard, and Deputy District Attorney James Secord (collectively "County.")

The allegations appear to stem from a California state court lawsuit in which Secord and others illegally provided confidential information from a paternity lawsuit involving Plaintiffs to a party in a separate civil action against Liberi. [Id. ¶ 31.] Additionally, Plaintiffs allege that all Defendants conspired to obtain documents illegally from the paternity file to further a criminal prosecution against Liberi. [Id. ¶ 33.]

On March 23, 2006, the County filed a Motion to Dismiss under Federal Rules of Civil Procedure

---

[1] Plaintiff Lisa Liberi is suing as an individual. She is also suing as guardian ad litem for Clifford Richardson.

[2] The Claims made against the Defendants bringing this Motion are listed in the FAC as Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 20. [FAC ¶¶ 176-433.]

[3] The Defendants bringing this Motion allege that the County of San Bernardino was erroneously sued and served as the County of San Bernardino County Sheriff's Department. [County's Motion at 1.]

37(b)(2)(C) ("Rule 37") and 41(b) ("Rule 41(b)"), and set a hearing date of April 17, 2006.[4] Plaintiffs failed to file Opposition. See L.R. 7-9 (requiring Opposition at least 14 days prior to a hearing).

## II. MOTION TO DISMISS UNDER RULE 37(b)(2)(C)

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(C), in relevant part, states:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> 
> . . .
> 
> dismissing the action or proceeding or any part thereof . . .

Fed. R. Civ. P. 37(b)(2)(C).

///

---

[4] Prior to filing the Motion to Dismiss, the County filed an Application for an Extension of Time to Hear a Motion to Dismiss. The Court had set a March 6, 2006, non-discovery motion hearing cut-off date. Plaintiffs did not file opposition to this request. Because of the lack of opposition and because of constant delays on the part of Michelle Strickland, Liberi's former counsel (still counsel for Richardson), the Court grants the Motion for an Extension of Time. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)) ("'The district court is given broad discretion in supervising the pretrial phase of litigation . . . .'")

The Ninth Circuit has held that a district court, in deciding whether to dismiss a case for noncompliance with discovery, must weigh the following five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (quotations, citations omitted, brackets in original).

**B. Discussion**

The County asserts that Liberi has continuously failed to comply with her discovery obligations. For instance, the County alleges that Liberi failed to appear at a scheduled December 15, 2005, deposition that Defendants had not agreed to reschedule because the January 31, 2006, date for discovery cut-off was "quickly approaching." [County's Motion to Dismiss ("Mot.") at 6.] Additionally, the County asserts that Liberi failed to comply with a February 27, 2006, Order by Magistrate Judge Larson to, among other things, submit to a deposition within ten days of the Order. [Mot. at 6; Larson Order of February 27, 2006 ("Feb. 27 Order") ¶¶ 1, 3.] The Feb. 27 Order stated: "Should Plaintiff fail to

4

submit to any part of this Order, this Court shall recommend that the entire action will be dismissed." [Feb. 27 Order ¶ 6.]

In a sworn Declaration, the County's attorney states that Liberi failed to appear at her deposition noticed for March 9, 2006. [Declaration of Teresa M. McGowan ("McGowan Decl. at 2.] McGowan further states that Michelle Strickland, Liberi's former counsel and current counsel for Richardson, told her that Liberi was aware that her deposition was ordered to be taken on March 9, 2006, prior to that date. [Id. at 5.]

The County provides an e-mail from Liberi to McGowan, dated March 11, 2006, in which Liberi states that she did not receive the Feb. 27 Court Order or the notice for the deposition until March 10, 2006, the day after the deposition was scheduled.

Absent Opposition for this Motion from Plaintiffs, the Court will accept the sworn declaration from the County's attorney that Liberi was aware of the March 9, 2006, deposition. Additionally, Liberi openly defied a Court Order that unequivocally ordered her to appear for a deposition within ten days.

///
///

Considering the five factors that the Court must weigh in deciding whether to dismiss the case for noncompliance with discovery, Factors One and Two clearly weigh in favor of dismissal here, just as they do in most cases. Here, Factor One especially weighs in favor of dismissal because Liberi has twice failed to appear at scheduled depositions, [Mot. at 5-6], delaying the resolution of this action.

The Court also finds that less drastic sanctions here would be futile. As the Court described in its Order of November 18, 2005, dismissing Defendants Randolph Houts and Houts & Associates from this action ("Nov. 18 Order"), Plaintiffs have consistently flouted Local Rules, this Court's orders, and basic legal authority. [Nov. 18 Order at 6.] Of particular note is the fact that Plaintiffs have already been warned and sanctioned several times about such violations as not appearing at a mandatory scheduling conference and filing late motion papers. [Id. at 6-8.] Additionally, Liberi has now failed to appear at two scheduled depositions, [McGowan Decl. at 4-5], and there is no reason to believe that she will present herself at a third scheduled deposition.

Additionally, the Court finds significant prejudice to the County, as it has had to endure Liberi's repeated missed deadlines and non-appearances at depositions.

1    While the Court finds that public policy favoring
2 disposition of cases on their merits weighs against
3 dismissing the Claims against the County under Rule 37,
4 it notes, as it did in its Nov. 18 Order, that a number
5 of the Claims by Plaintiffs in this action were patently
6 frivolous.  These include Claims against two state judges
7 for actions in their judicial capacity, and three Claims
8 alleging violations of criminal statutes that did not
9 allow for private rights of action.  [Nov. 18 Order at
10 9.]

12    Thus, weighing the five factors in deciding whether
13 to dismiss a case for noncompliance with discovery, the
14 Court finds that dismissing all Claims against the County
15 is proper.  The Court notes, however, that the County's
16 allegations as to noncompliance with discovery pertain
17 only to Liberi and not to Richardson.  [Mot. at 5-6.]
18 Thus, while the Court grants the County's Motion to
19 Dismiss all Claims brought by Liberi under Rule 37, it
20 cannot do so for the Claims brought by Richardson.

### III. CLAIMS BROUGHT BY PLAINTIFF RICHARDSON

23    While the Court cannot dismiss the Claims brought by
24 Richardson under Rule 37, it can do so for Richardson's
25 failure to file Opposition to the County's Motion.
26 ///
27 ///

Under Local Rule 7-12, "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion." The Ninth Circuit has upheld the decision of a court to grant a motion to dismiss for failure to file an opposition. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1994). In Ghazali, the District of Nevada local rule stated that the "'failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion.'" Id. (quoting Dist. Nev. R. 140-6.) The pro se plaintiff in the case failed to file opposition to a motion to dismiss his 42 U.S.C. § 1983 action. Id. Upholding the dismissal of plaintiff's action, the Ninth Circuit held that "[f]ailure to follow a district court's local rules is a proper ground for dismissal." Ghazali, 46 F.3d at 53. The court further noted that "Ghazali was given ample time to respond to the motion to dismiss." Id. at 54. See also Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1991) (holding that district court did not abuse its discretion in dismissing case for failure to follow a local rule that mandated that the complaint list the names of all parties rather than "et al.")

In Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986), the Ninth Circuit held that the decision to

1 dismiss a case for failure to follow local rules should
2 be reviewed as a dismissal for failure to prosecute under
3 Federal Rule of Civil Procedure 41(b), and that the
4 district court must weigh the same five factors discussed
5 above that courts must consider in dismissing a case for
6 noncompliance with discovery. The court further held
7 that the district court is not required to make explicit
8 findings to show that it considered the five factors, so
9 long as it weighs the factors. Id. at 1424.

10

11 Here, balancing the five factors in deciding whether
12 to dismiss Richardson's Claims against the County for
13 failure to prosecute would mimic the results of the same
14 balancing test the Court conducted in dismissing Liberi's
15 Claims under Rule 37. Therefore, it need not list the
16 specific findings for each Henderson factor, although it
17 has weighed each of them, and concludes that Richardson's
18 Claims against the County should be dismissed for failure
19 to file Opposition.

20

21 ### IV. CONCLUSION

22 For the foregoing reasons, Defendants County of San
23 Bernardino's, Gary Penrod's, Alan Girard's, and James
24 Secord's Motion to Dismiss is GRANTED without leave to
25 amend under Federal Rule of Civil Procedure 37(b)(2)(C)
26 as pertains to the Claims brought by Plaintiff Lisa
27 Liberi. The Motion to Dismiss brought by the same
28

1  Defendants as pertains to the Claims brought by Plaintiff
2  Clifford Richardson is GRANTED without leave to amend for
3  Richardson's failure to file Opposition.[5]

4
5  Dated: April 12, 2006            _____
6                                   VIRGINIA A. PHILLIPS
                                    United States District Judge
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///

---

[5] Because the Court is disposing of the Claims brought by Liberi against the County under Rule 37(b)(2)(C) and the Claims brought by Richardson against the County for Richardson's failure to file Opposition, the Court need not consider the County's Motion to Dismiss under Rule 41(b).

10